UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 9, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 24-MJ-218 (MAU) |
| | : | |
| KENTRELL FLOWERS, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 111(a)(1) and (b) |
| Defendant. | : | (Assaulting, Resisting, or Impeding Certain |
| | : | Officers Using a Dangerous Weapon) |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Using, Carrying, Possessing, and |
| | : | Brandishing a Firearm During a Crime of |
| | : | Violence) |
| | : | 18 U.S.C. § 2119 |
| | : | (Attempted Carjacking) |
| | : | 22 D.C. Code § 402 (2001 ed.) |
| | : | (Assault with a Dangerous Weapon) |
| | : | 22 D.C. Code § 4504(b) (2001 ed.) |
| | : | (Possession of a Firearm During a Crime of |
| | : | Violence or Dangerous Offense) |
| | : | 22 D.C. Code § 4504(a)(1) (2001 ed.) |
| | : | (Carrying a Pistol Without a License) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d) and § 981(a)(1)(C); |
| | : | 21 U.S.C. § 853(a), (p); and 28 U.S.C. § |
| | : | 2461(c) |

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS**, with a dangerous weapon and with the intent to commit another felony, did forcibly assault, resist, oppose, impede, intimidate, and interfere with a United States Marshal, a person designated in

Title 18, United States Code, Section 1114, to wit, USM-1, whose true identity is known to the Grand Jury, while USM-1 was engaged in the performance of USM-1's official duties.

**(Assaulting, Resisting, or Impeding Certain Officers or Employees**, in violation of Title 18, United States Code, Sections 111(a)(1) and (b))

### COUNT TWO

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Assaulting, Resisting, or Impeding Certain Officers or Employees, as charged in Count One of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii))

### COUNT THREE

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS**, did attempt to take a motor vehicle, to wit: a Dodge Durango bearing a United States Government registration tag, that had been transported, shipped, and received in interstate and foreign commerce, from and in the presence of USM-1, whose true identity is known to the Grand Jury, by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

**(Attempted Carjacking**, in violation of Title 18, United States Code, Section 2119)

### COUNT FOUR

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS** assaulted USM-1, whose true identity is known to the Grand Jury, with a dangerous weapon, that is, a firearm.

**(Assault with a Dangerous Weapon**, in violation of Title 22, D.C. Code, Section 402, (2001 ed.))

## COUNT FIVE

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS**, did possess a firearm while committing the crime of Assault with a Dangerous Weapon, as set forth in Count Four of this Indictment.

**(Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of Title 22, D.C. Code, Section 4504(b) (2001 ed.))

## COUNT SIX

On or about July 5, 2024, within the District of Columbia, **KENTRELL FLOWERS**, did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business and on other land possessed by him, a pistol, without a license issued pursuant to law.

**(Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of Title 22, D.C. Code, Section 4504(a)(1) (2001 ed.))

## FORFEITURE ALLEGATION

1. Upon conviction of a violation of 18 U.S.C. § 2119 as charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of these violations, pursuant to Title 18, United States Code, Section 982(a)(5) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of these violations or is derived from proceeds traceable to these offenses.

2. Upon conviction of a violation of 18 U.S.C. § 924(c)(1)(A)(ii) as charged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and

ammunition involved in or used in the knowing commission of the offense, including but not limited a Smith & Wesson, .40 caliber semi-automatic firearm.

3. Upon conviction of any of a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) or 18 U.S.C. §§ 2119 as charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(5), 3665, and 924(d)); and Title 28, United States Code, Section 2461(c))

                                      A TRUE BILL:

                                      FOREPERSON.

*[signature]*

Attorney of the United States in
and for the District of Columbia